**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

**TIMOTHY PRYER**                                                                **PLAINTIFF**

**VS.**                                                          **CIVIL ACTION NO. 3:06CV588WA**

**R. WALKER, Doctor/Health Services**
**Administrator at CMCF III; SHARON**
**PAIGE, Captain, Central MS Correctional**
**Facility III; MARGARET BINGHAM;**
**DR. JOSEPH BLACKSTON; T. BAMES,**
**Nurse, Central MS Correctional Facility**
**III; UNKNOWN FORMER MEDICAL**
**SERVICE PROVIDER; UNKNOWN**
**PRESENT MEDICAL SERVICE PROVIDER**
**and MDOC ACTING COMMISSIONER**                            **DEFENDANTS**

**ORDER**

      This matter came before the court on the Plaintiff's Motion for Order of Disclosure and his Motion for Trial by Jury. The Motion for Order of Disclosure seeks the identity and address for service of process of the medical providers for CMCF before July, 2006, as well as the present provider. The basis for the Motion is the Plaintiff's desire to substitute the actual names of the parties for the Unknown Defendants and to serve them with process. The Motion will be denied at this time, as no Defendants are yet before the court to respond to the Motion. After the currently named Defendants have been served with process and have answered the Complaint, the court will set an Omnibus Hearing for this matter. At that hearing, the court will make the determination as to whether further information is required to bring all appropriate parties before the court and enter any necessary orders.

      With regard to the second Motion, Fed. R. Civ. P. 38(b) provides that a party may demand a trial by jury by serving a demand on the other parties, in writing, not later than ten days after the

service of the last pleading directed to the issue(s) on which a jury trial is requested and by filing the demand with the court.  Here, the jury demand has been timely filed with the court, although it appears not to have been served on the parties, as is required by Rule 38.  However, the Fifth Circuit has directed courts to broadly construe the provisions permitting a jury trial on request in the case of a *pro se* party.  *Lewis v. Thigpen*, 767 F.2d 252, 257-60 (5th Cir. 1985).  Therefore, the Motion for Trial by Jury will be granted.

IT IS, THEREFORE, ORDERED that the Plaintiff's Motion for Order of Disclosure is hereby **denied**, and his Motion for Trial by Jury is hereby **granted**.

IT IS SO ORDERED, this the 21st day of November, 2006.

                                        S/Linda R. Anderson
                                    UNITED STATES MAGISTRATE JUDGE