## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## JACKSON DIVISION

**TIMOTHY G. PRYER**                                                                   **PLAINTIFF**

**VS.**                                                        **CIVIL ACTION NO. 3:06CV588WA**

**R. WALKER, Doctor/Health Services**
**Administrator at CMCF III; SHARON**
**PAIGE, Captain, Central MS Correctional**
**Facility III; MARGARET BINGHAM;**
**DR. JOSEPH BLACKSTON; T. BARNES,**
**Nurse, Central MS Correctional Facility**
**III; UNKNOWN FORMER MEDICAL**
**SERVICE PROVIDER; UNKNOWN**
**PRESENT MEDICAL SERVICE PROVIDER**
**and MDOC ACTING COMMISSIONER**                                    **DEFENDANTS**

## OMNIBUS ORDER

The parties appeared and participated in an omnibus hearing before the undersigned United States Magistrate Judge on the 29th day of January, 2007, at the James O. Eastland Federal Courthouse in Jackson, Mississippi.  The Plaintiff appeared *pro se*, and the Defendants were represented by attorney John Clay.  The court scheduled this hearing for the combined purposes of conducting a *Spears*[1] hearing, a scheduling/case management hearing, a discovery conference, and a pretrial conference.  The court conducted this hearing in an attempt to insure the just, speedy and inexpensive determination of this *pro se* prisoner litigation.  After due consideration of the issues involved in this case and the requests for discovery, the court does hereby find and order as follows:

---

[1] *See,* Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

1

### 1.  JURISDICTION AND SUMMARY OF CLAIMS

Jurisdiction of this case is based upon 42 U.S.C. § 1983.  The Plaintiff alleges that he has received inadequate medical care for his high blood pressure, leading to the possibility of a stroke. He suffered from at least two stokes prior to his incarceration.  According to Pryer, the failure to properly treat him has caused him to have bouts with dementia and his short term memory is diminishing, making it difficult to assert his rights.  He also testified that his inability to remember names impacts his prison ministry work.

Additionally, Pryer claims that on May 24, 2006, he was sexually assaulted by Captain Sharon Paige.  According to his testimony, the incident occurred during a trip to the emergency room for chest pain.  While the EKG machine was being hooked up, when Pryer was wearing no shirt and had electrodes connected to chest, she began to rub his chest.  During this time, Paige allegedly told him how hairy his chest was and said that he probably had good "pecs."  Pryer testified that the unwanted sexual advance caused the EKG machine to record inaccurate readings three times and aggravated the pain in his chest.

### 2.     DISCOVERY ISSUES and PENDING MOTION

The Plaintiff has four pending motions – a Motion to Amend to change the name of certain Defendants, two Motions for Relief from Retaliation, and a "Motion of Inquiry."  The Motion to Amend will be granted, and the Defendants' names will be changed as follows:

Unknown Former Medical Service Provider will be changed to Correctional Medical Services, Inc.

Unknown Present Medical Service Provider will be changed to Wexford Healthcare Resources.

Unknown MDOC Commissioner will be changed to Christopher Epps.

Additionally, the court has corrected the typographical error in Nurse T. Barnes's name.  Summonses

will be issued for these Defendants, to be served by the United States Marshal.  The Plaintiff's

Motions for Relief for Retaliation contend that Pryer has been reclassified, has continued to receive

inadequate medical care and has additionally been assigned to a rack near an exhaust fan in

retaliation for bringing this action.  These Motions will be construed as Motions to Amend and

granted to the extent that these claims will be added to claim for relief in his Complaint.

The Motion of Inquiry apparently alleges that certain Defendants have failed to respond to

the summonses issued by the court on November 16, 2006.  When those summonses were issued,

they were given to the United States Marshal for service.  The Marshal is responsible for a myriad

of law enforcement duties in addition to service of process, and it is likely that there was some delay

in service.  Until the Marshal returns each summons form to the clerk with an indication as to

whether and when it was served, the court cannot conclude that any Defendant has been served and

failed to answer.  This Motion will be denied.

The Defendants will be ordered to provide to the court and to the Plaintiff a complete copy

of his medical records from the Central Mississippi Correctional Facility.  The Defendants will also

be ordered to conduct a search as to whether any complaint was initiated by the Plaintiff with regard

to the incident with Captain Paige, and, if so, shall provide to the court and to the Plaintiff a copy

of all documents related to that complaint.  These records may be authenticated by affidavit for use

in support of subsequent motions or trial, where they may be admitted as a general exhibit.  No

testimony from a physician or other medical provider will be required at trial.  There are no other

discovery matters pending, except for those set forth herein, which will fairly and adequately develop

the issues to be presented to the court, and no other discovery is deemed reasonable or appropriate considering the issues at stake in this litigation.  *See* Federal Rules of Civil Procedure 26(b)(1).

### 3.      TRIAL WITNESSES

The Plaintiff was instructed to submit to the court a list of inmate witnesses, not to exceed three, to testify on his behalf at the trial of this matter: When a trial date is set, the court will order that subpoenas *ad testificandum* issue for those persons, as long as they are still in the custody of MDOC at the time.

The court advises the Plaintiff that he may call any free world witnesses, but that it will be his responsibility to secure any free world witnesses' voluntary presence at the trial of this cause, or at least 10 days prior to trial, he may submit to the clerk's office the $40.00 witness fee for each witness along with the complete address of where the witness can be found, so that the United States Marshals Service can subpoena said witness for the Plaintiff.

### 4.      PRETRIAL CONFERENCE, PRETRIAL ORDER, AND TRIAL SETTING

This conference shall stand in lieu of a pretrial conference, and this order shall stand in lieu of a pretrial order.

IT IS HEREBY ORDERED that the Defendants shall provide the court and the Plaintiff with the records identified above by February 28, 2007.  The deadline for submitting motions in this matter is March 30, 2007.  If necessary, the trial will be scheduled after that date.

IT IS FURTHER ORDERED that the Plaintiff's Motion to Amend is hereby **granted**.  The Clerk is directed to issue process to the following Defendants, requiring an Answer to the Complaint, to be served by the United States Marshal:

4

Correctional Medical Services, Inc.
12647 Olive Road
St. Louis, MO 63141

Wexford Healthcare Resources
205 Greentree Commons
381 Mansfield Ave.
Pittsburg, PA 15220

Christopher Epps, Commissioner
Mississippi Department of Corrections
723 North President Street
Jackson, MS 39202

Nurse T. Barnes
Central Mississippi Correctional Facility
3794 Highway 463
Pearl, Mississippi 39288

IT IS FINALLY ORDERED that the Plaintiff's Motion to Order MDOC Officials to Cease

and Desist from Retaliation under 42 USCS § 1997d Prohibition of Retaliation and his Motion for

Relief from Retaliation are hereby **granted**, but only to the extent that these claims will be

considered part of the Plaintiff's allegations against the Defendants.  The Plaintiff's Motion of

Inquiry is hereby **denied**.

IT IS SO ORDERED, this the 7th day of February, 2007.


                                        S/Linda R. Anderson
                                UNITED STATES MAGISTRATE JUDGE